<div style="text-align: center">WALTER PARKER <em>v.</em> LYMAN C. HAMMOND.</div>

The vendor of a chattel is not a competent witness for the vendee to sustain his title, in an action between the vendee and one claiming under a third person.

TRESPASS, for taking the plaintiff's horse.

Plea, not guilty, with notice that the defendant, as an authorized person, attached the horse in question, as the property of Gardner Eaton, by virtue of certain writs against the said Gardner. Issue to the court.

On the trial before the county court, the testimony of Nathan Eaton, became material to show title in the plaintiff to the horse in question. Gardner Eaton, as agent of Nathan, sold the horse to the plaintiff, and took the plaintiff's note, payable to Nathan, and afterwards delivered the note to him. The horse was subsequently attached by the defendant, as the property of Gardner Eaton; and, to prove that, at the time of the sale to the plaintiff, Nathan Eaton owned the horse, the latter was offered as a witness. The defendant objected to his testifying; but the court overruled the objection, and the witness testified, in substance, that, at the time when the horse was sold to the plaintiff, as above stated, he (Nathan Eaton) was the owner of the horse, and that he held the note, given by plaintiff, at the time of the trial.

The county court rendered judgment for plaintiff and the defendant excepted.

The bill of exceptions, in this case, contained a statement of the whole testimony, given on the trial; but as the substance of the testimony of Nathan Eaton is all that is material, the remainder is here omitted.

*R. Washburn*, for defendant.

The case shows, most conclusively, that Nathan Eaton is interested in the event of the suit.

If the horse could be holden, by the attaching creditor, as the property of Gardner Eaton, the consideration of the note would fail, and the note could not be collected. Nathan Eaton, then, had a direct interest to show that the horse was his property, and that Gardner Eaton, in selling the horse and taking the note, acted as Nathan Eaton's agent.

The case finds that Nathan Eaton was a material witness, and it cannot be pretended that the plaintiff, without his testimony, could maintain the suit.

*S. Fullam, jr.* for the plaintiff.

The only question presented by the exceptions is, did the county court err in admitting the testimony of Nathan Eaton? We insist they did not.

1. Because the exceptions do not show any fact found by the court, except that Nathan Eaton was not interested, in the event of this suit. This was purely a question of fact, and the decision of the court on such question, where the issue is tried by the court (as the question of interest always must be) cannot be examined on exceptions. *Story* v. *Barnes*, 11 Vt. Rep. 221.

2. The party excepting in such case should show by his exceptions what facts were found by the court relative to the interest of the witness, and how the court decided the law arising from such facts, that this court may determine whether such decision was correct or not, for until such decision is shown to be wrong, it is presumed to be right. *Dodge* v. *Billings*, 2 D. Chip. Rep. 26. *Adams* v. *Ellis*, 1 Aik. 24.

3. A party complaining of a decision, cannot lay the

foundation for an examination of such decision by recapitulating, in his exceptions, the testimony given by the witnesses (as is done in this case) for this court cannot determine what facts were found by the county court from the testimony. *Noble* v. *Adm. of Jewett*, 2 D. Chip. R. 36.

4. Nathan Eaton is not shown to be interested in the event of this suit, by the testimony contained in the exceptions. This judgment cannot be given in evidence in a suit that may be brought on the note against the plaintiff, not being between the same parties. Nor can the plaintiff in this suit resist the payment of the note, on the ground of fraud or collusion, to which he was a party ; and if he was not a party to such fraud or collusion, he must hold the horse and pay the note, and he cannot avoid it.

But if Nathan Eaton cannot collect the note of the plaintiff, because Gardner Eaton was guilty of fraud, then Nathan Eaton has his remedy against Gardner Eaton, for the value of the horse, and the costs that may accrue in attempting to collect the note, which balances his interest, if he has any.

5. All that can be gained by sending back this cause is to give the plaintiff an opportunity to discharge Nathan Eaton, and have the trial proceed just as it did before,

The opinion of the court was delivered by

COLLAMER, J.—In this case the plaintiff purchased of Nathan Eaton. Nathan Eaton by his agent, Gardner Eaton, sold the plaintiff a horse, for which the plaintiff gave his note to Nathan, who received the note, and the horse was delivered to the plaintiff. Afterwards, the horse was attached, by the defendant, as the property of Gardner Eaton. In an action for this taking, is Nathan Eaton a competent witness for the plaintiff, to prove his title ?

This is not the case of two persons claiming as purchasers, or as a purchaser and attaching creditor, under the same man, and between whom he may stand in the same interest. The plaintiff claims under Nathan, the defendant claims under Gardner. This then presents the common question whether a vendor is a competent witness for the vendee to sustain his title, as against a third person. There can be no doubt that if the plaintiffs title, derived under Nathan Eaton,

turned out defective, Nathan would be answerable to the plaintiff. He would either be unable to collect the note, which he held against the plaintiff, or, if that was paid, he must answer over to the plaintiff, as every sale of chattels is accompanied with an implied warranty of title. "A witness, who is answerable to a vendee, in case the title turns "out to be defective, is not competent to support the title "in an action against the vendee, founded on an alleged "defect of title." 3 Stark. Ev. 1647. Whether the action is commenced *against* the vendee, or the property be taken away by a third person, and the action is by the vendee, to try the title, can make no difference. The vendor is equally interested in the result of the action.

<div align="right">Judgment reversed.</div>